IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PATTI GODWIN,
    Plaintiff,

vs.                                                                                          Case No. 3:04cv298/RV/EMT

JO ANNE B. BARNHART,
Commissioner of the
Social Security Administration,
Defendant.

_____/

## **ORDER**

    This case was filed pursuant to 42 U.S.C. § 405(g) of the Social Security Act for review of Defendant's final decision denying Plaintiff's applications for disability insurance benefits under the Act.  It is now before the court upon Plaintiff's Motion to Supplement Administrative Record and Memorandum in Support (Doc. 7), and Defendant's Response to Plaintiff's Motion to Supplement the Administrative Record (Doc. 12).

    Prior to ruling upon these motions, this Court ordered that Defendant advise the Court whether records from Dr. John Greer, covering the period from April 4, 1996 through February 17, 1997,[1] were part of Plaintiff's file and whether they were considered by the Administrative Law Judge (ALJ) and the Appeals Council (Doc. 15).  Defendant responded as ordered and indicated that the records were not part of the claim file and thus were neither considered by the ALJ, nor the Appeals Council (Doc. 16).

    Title 42 U.S.C. § 405(g) requires that the Commissioner "file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based."  Thus, because Dr. Greer's records were not considered by the Commissioner, Plaintiff's

---

[1]These records are the subject of Plaintiff's motion (*see* Doc. 7).

motion to supplement must be denied, as the record cannot be supplemented with materials that were not before the Commissioner.

The issue, then, is whether to remand this case or to exercise judicial review based upon the existing record.  Defendant contends that Plaintiff cannot establish two of the three Caulder criteria necessary for a sentence six remand[2] and thus remand is not appropriate (Doc. 12 at 3-4).  Specifically, Defendant contends that the evidence is "merely cumulative of the evidence in the record," and that even if the evidence had been considered, the decision of the Commissioner would have been the same (*id.* at 3).

In deciding whether or not to remand, "the touchstone is whether the administrative record that does exist permits meaningful judicial review."  Brady v. Apfel, 41 F.Supp.2d 659, 668 (E.D.Tex. 1999). *See also* Harrison v. PPG Industries, Inc., 446 U.S. 578, 594, 100 S.Ct. 1889, 64 L.Ed.2d 525 (1980) (reviewing court may remand if unable to exercise informed judicial review due to inadequate administrative record); Torres v. Shalala, 48 F.3d 887 (5th Cir.1995) (remand need not be ordered when evidence is missing but there is still ample evidence from which a determination may be made); Fowler v. Califano, 596 F.2d 600, 604 (3rd Cir.1979) (remand appropriate when Social Security Administration lost entire application).

In the instant case, the "new" evidence consists of three additional treatment records from Dr. Greer[3] dated April 1, 1996; September 30, 1996; and February 17, 1997 (*see* Doc. 7, Attach. at 4-9).  Consistent with the ALJ's statements regarding Dr. Greer's prior treatment notes, which are part of the administrative record, Dr. Greer found in the additional treatment notes that Plaintiff had numerous trigger points and normal strength testing (*see id.*; Tr. 19).  Additionally, Dr. Greer's later impressions were consistent with his prior findings of persistent soft tissue pain, deconditioning and obesity (*see* Doc. 7 at 4, 6, 8; Tr. 19, 258-59).  Dr. Greer continued to recommend exercise and weight loss (*see* Doc. 7 at 4, 6; Tr. 19, 258-59).  Thus, the additional evidence is cumulative and

---

[2]For remand, a claimant must establish that: "(1) there is new, noncumulative evidence; (2) the evidence is 'material' in that it is relevant and probative so there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for failure to submit the evidence at the administrative level." Cannon v. Bowen , 858 F.2d 1541, 1546 (11th Cir. 1988) (citing  Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir.1986)).

[3]The existing records from Dr. Greer cover his treatment of Plaintiff from October 22, 1991 to April 3, 1995 (*see* Tr. 19) (all references to "Tr." refer to the Transcript of Social Security Administration Record filed on October 29, 2004 (Doc. 5)).

Case No.: 3:04cv298/RV/EMT

does not show that the decision of the Commissioner would have been different if the evidence were considered.  Furthermore, this Court concludes that the existing record permits a meaningful judicial review, and contains ample evidence from which a determination may be made.

**ACCORDINGLY**, it is **ORDERED**:

Plaintiff's Motion to Supplement Administrative Record (Doc. 7) is **DENIED**.

At Pensacola, Florida this 22nd day of June, 2005.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**