IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PATTI GODWIN,
    Plaintiff,

vs.                                          Case No.:  3:04cv298/RV/EMT

JO ANNE B. BARNHART,
Commissioner of Social Security,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

       This matter is before the court upon Plaintiff's Motion for Attorney Fees and Costs Under the Equal Access to Justice Act ("EAJA") (Doc. 24) and Defendant's response to Plaintiff's motion (Doc. 25).  Plaintiff seeks an award of attorney fees amounting to $5,122.76 and filing fee costs of $150.00, for a total award of $5,272.76.  Defendant has responded to the motion and does not contest the amounts requested (Doc. 25).

       The Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of the final judgment in the action, 3) the position of the government is not substantially justified, and 4) no special circumstances make an award unjust.  The absence of any one of the above factors precludes an award of fees.  28 U.S.C. § 2412(d)(l)(A), (B).

       In the instant case, it is clear that Plaintiff is the "prevailing party," as she obtained an outright reversal of the Commissioner's decision and was awarded full disability benefits (*see* Doc. 22).  Additionally, Plaintiff's application was timely and properly filed, the government's position was not substantially justified, and no special circumstances make an award unjust.  Moreover, Defendant does not disagree that fees and expenses should be paid in this case (Doc. 25).  Accordingly, Plaintiff is clearly entitled to fees and costs.

       With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states as follows:

. . . (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Plaintiff's attorney seeks compensation for 34.70 hours spent representing Plaintiff in court-related proceedings and in obtaining an award of fees and costs from the court (Doc. 24, Affidavit). He seeks compensation at the rate of $147.63 per hour, based upon a change in the Consumer Price Index ("CPI") (Doc. 24 at 5). Defendant does not contest the reasonableness of the hourly rate, and the undersigned finds that $147.63 is reasonable. *See* Faciane v. Barnhart, Case No. 5:02cv26/MD (N.D. Fla. March 5, 2004) (awarding attorney's fees at the rate of $145.00/hour based upon a change in the CPI). Thus, attorney fees totaling $5,122.76, and filing fee costs in the amount of $150.00, should be awarded; however, the filing fee should be paid from the Judgment Fund administered by the United States Treasury.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Plaintiff's Motion for Attorney Fees and Costs (Doc. 24) be granted as follows:

> Plaintiff's counsel, Daniel M. Soloway, Esquire, is entitled to recover fees and expenses in the amount of $5,122.76 for representing Plaintiff before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 ("EAJA"); the amount of attorney fees requested under the EAJA is reasonable; and the Commissioner is directed to pay counsel that amount. Costs in the amount of $150.00 are also awarded, to be paid from the Judgment Fund of the United States Treasury.

At Pensacola, Florida, this 17th day of January 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 3:04cv298/RV/EMT